Corrine S. DITKOF, as personal representative of the estate of Frederick Ditkof, Deceased, Plaintiffs,

v.

OWENS–ILLINOIS, INC., an Ohio Corporation; Eagle-Picher Industries, Inc., an Ohio Corporation; Raybestos-Manhattan, Inc., an Ohio Corporation; Forty-Eight Insulation, Inc.; Celotex Corporation, a Delaware Corporation; Keene Building Products Corporation, a Delaware Corporation; Nicolet, Inc., a Michigan Corporation [sic]; Armstrong World Industries, a Pennsylvania Corporation; and Fibreboard Corporation, Defendants.

Civ. A. No. 84–05631.

United States District Court, E.D. Michigan, S.D.

Feb. 19, 1987.

Jules B. Olsman, Woll, Crowley, Berman, Olsman, & Nolan, P.C., Southfield, Mich., for plaintiffs.

Ronald E. Westen, Detroit, Mich., for Armstrong, Keene, Celotex, Eagle-Picher and Owens.

John J. Lynch, III, Birmingham, Mich., for Raybestos.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Corrine Ditkof ("plaintiff"), personal representative of Frederick Ditkof ("Ditkof"), claims that asbestos products manufactured by defendants caused Ditkof's death. Nicolet, Inc. ("Nicolet") moves to dismiss for insufficiency of process. All other defendants [1] move for summary judgment. Plaintiff moves for leave to file a tardy settlement brochure, for an order declaring that her tender of medical materials satisfies my pretrial order,[2] to permit the trial testimony of Benjamin Bradley ("Bradley") by deposition, and to adjourn trial. I have jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.

### I. *Nicolet's Motion to Dismiss*

Plaintiff filed suit on November 16, 1984 in Wayne County Circuit Court. On December 10, 1984, Nicolet joined in a removal petition. Two years later, Nicolet moved to dismiss, claiming it had never been served with process.

Plaintiff claims erroneously that formal service is unnecessary because Nicolet joined in the removal petition. Removal does not waive any defense. *See DiCesare-Engler Productions v. Mainman, Ltd.,* 421 F.Supp. 116, 121 (W.D. Penn.1976) (removal does not waive objections to service of process); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3738, at 561–562 (1985) ("Defendant … waives nothing by removing the case and may move to dismiss—for lack of personal jurisdiction, for example—after removal. The fact that defendant has removed does not act as a general consent to jurisdiction to defeat the motion.").

If I grant Nicolet's motion, the statute of limitations would prevent plaintiff from bringing a new action. This would be unfair because Nicolet's removal, and its inclusion on nearly every subsequent proof of service, understandably lulled plaintiff into believing that service had been accomplished. Accordingly, I excuse plaintiff's failure to serve Nicolet within 120 days of filing the complaint, and I authorize a new summons, which I direct plaintiff to serve on Nicolet forthwith. Fed.R.Civ.P. 4(a), (j); Local Rule (E.D.Mich.) 2(b). This procedure satisfies the statute of limitations because plaintiff filed her complaint within the limitations period. *See* M.C.R. 2.101(B).[3] *Cf. Buscaino v. Rhodes,* 385 Mich. 474, 189 N.W.2d 202 (1971) (applying the predecessor to M.C.R. 2.101(B), and holding that filing a complaint within the limitations period satisfies the statute of limitations).

Nicolet cannot be ready for trial by the scheduled date of February 23, 1987. I will adjourn trial to October 12, 1987, and hold Nicolet to the deadlines prescribed in the

---

1. Owens-Illinois, Inc., Eagle-Picher Industries, Inc., Celotex Corporation, Keene Building Products Corporation, GAF Corporation ("GAF"), Armstrong World Industries, and Fibreboard Corporation are the Wellington defendants. Raymark Industries ("Raymark") and Nicolet are the non-Wellington defendants.

2. On September 9, 1986, on the recommendation of a committee of attorneys involved in asbestos litigation before me and before Judge Mies in Wayne County Circuit Court, I entered a pretrial order governing twenty-five active asbestos cases.

3. Michigan law determines when suit commences for purposes of the statute of limitations. *See Walker v. Armco Steel,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

pretrial order for Group C defendants. Except for the trial date, Group A deadlines will continue to govern all other parties.

## II. *Plaintiff's Motions* [4]

█ In a January 5, 1987 bench opinion, I declared my intention to adhere strictly to the deadlines prescribed in the pretrial order. Ten days later, plaintiff moved for permission to file a tardy settlement brochure.[5] I now reiterate that the deadlines prescribed in the pretrial order are binding unless a party demonstrates extraordinary need for an extension. Plaintiff has not demonstrated such need.

█ Plaintiff also moves for an order declaring that she has complied with the pretrial order's provisions for disclosure of medical information. I have already indicated my intention to handle disputes over compliance with the pretrial order as evidentiary issues during trial: if a party fails to disclose material as provided in the pretrial order, I will prevent introduction of the material at trial.

Plaintiff's motion to permit the trial testimony of Bradley by deposition is premature. I will dispose of this, and all evidentiary matters, as they arise during trial.

## III. *Defendants' Motions for Summary Judgment*

█ Defendants argue that plaintiff has no evidence linking a particular product or manufacturer with Ditkof's injuries, and that summary judgment is therefore appropriate. Defendants claim that Bradley, the witness plaintiff identifies as able to establish the link, has no specific recollection of the products used by Ditkof. The problem with this argument is that I have no way of knowing how specific Bradley's recollection is until I hear his testimony. Defendants have not deposed Bradley in this case.

*Celotex v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), does not mandate summary judgment. In *Celotex*, the Supreme Court ruled that defendants were entitled to summary judgment because plaintiff identified no witness able to link product to injury. Here, plaintiff has identified a witness; the parties simply dispute the probable content of his testimony. Such a dispute raises a genuine fact issue for trial:

> [A plaintiff] need not ... depose his witnesses or obtain their affidavits to defeat a summary judgment motion asserting only that he has failed to produce any support for his case. It is the defendant's task to negate, if he can, the claimed basis for the suit.
>
> ... [I]f [plaintiff] has named a witness to support her claim, summary judgment should not be granted without [defendant] somehow showing that the named witness' possible testimony raises no genuine issue of material fact.

*Celotex*, —— U.S. at —— – ——, 106 S.Ct. at 2555–556 (White, J., concurring).[6]

## IV. *Disposition*

Accordingly, Nicolet's motion to dismiss is DENIED. Plaintiff shall obtain a new summons and serve it on Nicolet forthwith. Trial will commence on October 12, 1987. Deadlines for Group C defendants will govern Nicolet. Group A deadlines, except for the trial date, will continue to govern all other parties.

Plaintiff's motions for permission to file a tardy settlement brochure, for an order declaring that her tender of medical materials satisfies the pretrial order, and to permit the trial testimony of Benjamin Bradley by deposition are DENIED. Plaintiff may renew evidentiary motions at trial.

Defendants' motions for summary judgment are DENIED.

IT IS SO ORDERED.

---

**4.** Plaintiff's motion to adjourn trial is moot.

**5.** Plaintiff filed her brochure on November 3, 1986. The brochure was due October 31, 1986.

**6.** Justice White provided the majority's fifth vote.