**Mustafa K. ABDEL–LATIF, Plaintiff,**

v.

**WELLS–FARGO GUARD SERVICES, INC., Baker Protective Service, Inc., Gates, McDonald & Company, Mr. Ted Bassetti, Defendants.**

**Civ. A. No. 87–1919.**

United States District Court,
D. New Jersey.

March 9, 1988.

Mustafa K. Abdel–Latif, North Branch, N.J., pro se.

Eugene M. Hartig, McCarter & English, Newark, N.J., for defendant Gates, McDonald & Co.

George E. Harding, Wells Fargo Guard Services, Parsippany, N.J., for defendant Wells Fargo and Baker Protective Services, Inc.

OPINION

LECHNER, District Judge.

This action arises out of the termination of Mustafa K. Abdel–Latif ("Abdel–Latif") from his employment with Wells Fargo

Guard Services. Abdel–Latif alleges violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), discrimination because of his national origin, wrongful discharge, breach of contract, and intentional infliction of emotional distress.

*Sua sponte*, Magistrate Hedges issued an order to show cause why the complaint should not be dismissed pursuant to Fed.R. Civ.P. 4(j). After considering plaintiff's response, the magistrate issued a Report and Recommendation recommending the complaint and amended complaint be dismissed without prejudice because of plaintiff's failure "to ensure that service was effected on defendants within the 120–day period prescribed by Rule 4(j)." Plaintiff has filed objections to the magistrate's recommendation; thus, I shall review the Report and Recommendation and plaintiff's objections to it.

### Facts

Abdel–Latif filed the original complaint in this action on May 19, 1987. Summonses were issued and mailed to plaintiff on May 21, 1987. The action was brought against plaintiff's former employer, Wells Fargo Guard Services, Inc. ("Wells Fargo"), and Baker Protective Services, Inc. ("Baker"), allegedly the corporation which outlines the policies for Wells Fargo. The complaint alleged wrongful termination, including violation of rules contained in a Wells Fargo manual, and defamation because plaintiff had been accused of theft.

The complaint indicated plaintiff's address was 1024 Route 28, North Branch, New Jersey, 08876. The complaint listed a New Jersey address for Wells Fargo and a Pennsylvania address for Baker.

On May 21, 1987, Magistrate Hedges issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff submitted to the magistrate an amended complaint in response to the order to show cause. In his Report and Recommendation, filed July 2, 1987, the magistrate found the allegations in plaintiff's proposed amended complaint insufficient to establish diversity or federal question jurisdiction. Thus, the magistrate recommended dismissal of the complaint and the amended complaint.

On July 15, 1987, plaintiff filed a second amended complaint alleging, *inter alia,* claims under ERISA and discrimination because of his national origin. On July 21, 1987 I signed an order vacating the magistrate's Report and Recommendation because the second amended complaint appeared to raise federal questions.

In addition, I ordered that summonses be issued for two defendants added in the second amended complaint. The added defendants are Gates, McDonald & Company ("Gates") and Ted Bassetti ("Bassetti"), who is allegedly associated with defendant Baker. The complaint listed an Ohio address for Gates and a New York address for Bassetti. On July 22, 1987, summonses for the original and the new defendants were issued and mailed to plaintiff.

On November 30, 1987 Magistrate Hedges issued an order directing plaintiff to show cause on December 14, 1987 why the complaint should not be dismissed pursuant to Fed.R.Civ.P. 4(j). On December 14, 1987 plaintiff submitted a response to the magistrate's order to show cause. On December 18, 1987, after considering plaintiff's response, the magistrate issued a Report and Recommendation, recommending that the complaint and amended complaint be dismissed without prejudice because of plaintiff's failure "to ensure that service was effected on defendants within the 120–day period prescribed by Rule 4(j)."

Plaintiff filed objections to the magistrate's recommendation on December 28, 1987, within the time prescribed by General Rule 40 D(5). In his objection to the magistrate's recommendation, plaintiff outlines his efforts to effect service on the defendants.

Plaintiff states that on May 26, 1987 he received by mail the two original summonses. He states he sent the summonses to defendants Wells Fargo and Baker by certified mail. Plaintiff alleges he also sent copies of the original complaint to these defendants, although it is unclear if he sent it together with the summons. Plaintiff

has now submitted two certified mail receipts indicating mail from Abdel–Latif was delivered to Wells Fargo on June 1, 1987 and to Baker on June 2, 1987. (Plaintiff's Exs. 1 and 2.) Plaintiff asserts he mailed copies of these receipts to the court; however, the copies are not contained in the Clerk's file.

Plaintiff further states he mailed copies of the second amended complaint, filed July 15, 1987, to the four defendants "immediately." Abdel–Latif has submitted only one exhibit in connection with this assertion: an envelope, containing a copy of the second amended complaint, which was postmarked July 15, 1987 and addressed to Bassetti. The letter was returned to plaintiff because it was undeliverable as addressed. (Plaintiff's Ex. 3.)

Plaintiff asserts that the court has been sending court papers to his previous address causing delays in the mail. He asserts that due to the mistaken address he did not receive the summonses which were mailed to him in July until the beginning of October, 1987. Plaintiff alleges he then called the court and was told the summonses had been "mailed to the specified parties."

Plaintiff took no further action with respect to his case until December 8, 1987 when he went to the Clerk's office to inquire about his case. He states he was then informed of the order to show cause issued by the magistrate on November 30, 1987. Plaintiff states he was told that the letter containing the order to show cause had been returned to the court because it had been mailed to the wrong address.

Also at that time plaintiff returned to the Clerk's office the summonses which had been issued on July 22, 1987. Plaintiff requested and was given alias summonses, which he asserts he sent immediately to the defendants by certified mail. Plaintiff has submitted certified mail receipts indicating mail from plaintiff was received by Wells Fargo on December 9, 1987, by Gates on December 10, 1987, and by Baker on December 14, 1987. Plaintiff has also submitted a certified letter which was sent to Bassetti on December 8, 1987 and which

was again returned as undeliverable. The envelope contained a copy of the alias summons and the second amended complaint.

Plaintiff argues he has shown good cause why service was not made within the 120 day period prescribed by Rule 4(j) and that therefore his complaint should not be dismissed. For the reasons which follow, however, the Report and Recommendation of Magistrate Hedges will be adopted, and this action will be dismissed without prejudice.

*Discussion*

### A. Standard of Review

The United States Magistrate's Act requires the district judge to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see United ed Steelworkers of America, AFL–CIO v. New Jersey Zinc Co., Inc.,* 828 F.2d 1001, 1005 (3d Cir.1987). Accordingly, I shall consider plaintiff's objections and review de novo Magistrate Hedges' Report and Recommendation.

### B. Rule 4(j) Dismissal

Rule 4(j) provides:

**(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (emphasis added).

Rule 4 was revised in 1983 "primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." 128 Cong.Rec. H9848, 9849 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S.Code Cong. & Admin. News 4434, 4437. The drafters of Rule 4 recognized, however, that delays in service might occur when this function was turned

over to private individuals. *See Braxton v. United States,* 817 F.2d 238, 240 (3d Cir. 1987). To minimize this problem subsection (j) now requires that service be made within 120 days, and provides for mandatory dismissal of the complaint unless plaintiff can show good cause for failing to effect service within the prescribed period.

Congress also recognized that a delay in service may go unnoticed by the putative defendant and absent an adverse party, no one would have the incentive to file a motion to dismiss. *See Braxton,* 817 F.2d at 241. Thus, Rule 4(j) provides that the action shall be dismissed "upon the court's own initiative with notice to [the plaintiff]." Fed.R.Civ.P. 4(j). Courts have become "increasingly concerned about possible abuse and [have] insisted on literal adherence to amended Rule 4." *Braxton,* 817 F.2d at 240.

Under amended Rule 4, service may be made by mail. The Supreme Court's proposal to Congress would have provided for service of process by certified mail. *See id.* Congress, however, was concerned about problems that might arise in providing actual notice to defendants through such a system of mail service. *See Green v. Humphrey Elevator and Truck Co.,* 816 F.2d 877, 880 (3d Cir.1987). Thus, the final version of the rule provides that plaintiff may serve the summons and complaint on a defendant individual, corporation, partnership, or unincorporated association

> by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, *together with two copies of a notice and acknowledgment conforming substantially to form 18–A*[1] *and a return en-*

*velope, postage prepaid, addressed to the sender.* If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under [the subsections providing for personal service].

Fed.R.Civ.P. 4(c)(2)(C)(ii) (emphasis and footnote added). Rule 4(g) further provides that if service is made under subdivision (c)(2)(C)(ii) the sender shall make proof of service by filing with the court the acknowledgment received in accordance with the subdivision. Fed.R.Civ.P. 4(g).

The Third Circuit has held "that mail service is effective only if the provisions of Rule 4(c)(2)(C)(ii) are complied with literally" because "in drafting Rule 4 Congress meant precisely what its clear language states." *Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53, 56 (3d Cir. 1986). In *Braxton,* the Third Circuit noted approvingly a Fifth Circuit decision affirming a Rule 4(j) dismissal where the plaintiff had attempted service by mail without including an appropriate acknowledgment form or the stamped self-addressed return envelope. *Braxton,* 817 F.2d at 241 (citing *Norlock v. City of Garland,* 768 F.2d 654, 655 (5th Cir.1985)). In *Norlock,* the Fifth Circuit affirmed the district court's dismissal "[f]inding no error in the court's insistence on compliance with the plain language of the rule [which is] so easy to follow...." *Norlock,* 768 F.2d at 655. The court reasoned that because service by mail is subject to abuse, the well-considered requirements of the rule, designed to assure that mail service will be adequate, are not to be disregarded with impunity. *Id.*[2]

---

**1.** Form 18–A provides in part:

> The enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure.
> You must complete the acknowledgement part of this form and return one copy of the completed form to the sender within 20 days....
> If you do not complete and return the form to the sender within 20 days, you ... may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

> If you do complete and return this form, you ... must answer the complaint within 20 days....

Form 18–A, Fed.R.Civ.P.

**2.** The court went on to state that after the unsuccessful attempt to effect service by mail, Norlock would have had to serve the defendants personally in order to perfect service. *See id.* at 657. In *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.,* 804 F.2d 1390 (5th Cir.1986), the Fifth Circuit described this statement as dictum and stated that "[u]pon further reflection, we recognize that this statement misconstrued the

In *Green,* the Third Circuit held that service by mail under Rule 4(c)(2)(C)(ii) is not complete until the plaintiff receives the acknowledgment form from the defendant. *Green,* 816 F.2d at 881. The court rejected the positions that service by mail is complete upon mailing by the plaintiff or upon receipt by the defendant. *Id.* at 881. Instead the court held that where receipt has not been verified by the defendant's return of the acknowledgment form within 20 days, the defendant must be personally served within the 120 day period. *Id.*

Thus, the Third Circuit has cautioned that

if the mail method is to be tried at all, it should be initiated promptly after the summons has been issued (i.e., the complaint filed). This is for the reason that *if the 20 days expire without the acknowledgment coming back, and the plaintiff must now get the summons into the hands of a process server,* there will be that much less time left for service. The 20 days ... come out of the 120.

*Green,* 816 F.2d at 883 (emphasis added by Third Circuit) (quoting Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions,* 96 F.R.D. 88, 113–14 (1983)).

In this case, plaintiff's submissions indicate that service was not perfected prior to the expiration of the 120 day period.[3]

Plaintiff's attempts to serve defendants before and after the time period expired were not in accordance with the plain language of Rule 4.

■ Plaintiff's attempts to effect mail service with respect to the original complaint were deficient because no acknowledgment was included or returned. Moreover, plaintiff apparently did not attempt personal service of the original complaint.

Plaintiff's attempts to effect service of the second amended complaint were even weaker. He mailed only the pleading to the defendants, without including the summonses or acknowledgment forms. He states he received the summonses in early October, but he made no effort to serve them on the defendants prior to the expiration of the 120 day period.[4]

Even after the 120 day period had expired, plaintiff's attempts to effect service were half-hearted and not in compliance with the rules. Instead of attempting personal service, plaintiff again attempted to effect service by certified mail. He again failed to include the acknowledgment form, and he again sent mail to defendant Bassetti at the address where mail had been previously undeliverable.

Plaintiff nevertheless argues that he has made the necessary showing of good cause to avoid a Rule 4(j) dismissal. He also seeks an enlargement of the time period to serve the defendants under Rule 6(b)(2), which provides that upon motion the court

---

mail-service rule." *Id.* at 1393. In *Humana* the Fifth Circuit held that after an unsuccessful attempt to effect service by mail, the plaintiff could serve defendants in person or in accordance with state law methods. *Id.*

The Fifth Circuit's holding is contrary to the Third Circuit's holding that after an unsuccessful attempt at mail service, the defendant must be served personally. *See Green,* 816 F.2d at 881; *Stranahan,* 800 F.2d at 56; *accord Armco, Inc. v. Penrod–Stauffer Building Systems, Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984) (holding unsuccessful attempt at federal mail service could not be considered effective under state law provisions, and that rule required personal service when acknowledgment was not returned); *see also Combs v. Nick Garin Trucking,* 825 F.2d 437, 447–48 (D.C.Cir.1987) (holding that if a plaintiff chooses to use the federal mail service rule, and an acknowledgment is not returned, such attempted service will not be considered

effective by treating it as made under state law provisions, but leaving open question whether personal service is only option).

**3.** The 120 day period for serving the original complaint expired on September 16, 1987. The 120 day period for serving the second amended complaint expired on November 12, 1987.

**4.** Plaintiff states that when he received the summons he called the court and "was told that the summonses had been mailed to the specified parties." Plaintiff appears to be implying that he took no further action relying in part on this alleged statement from "the court." Such reliance, however, is not warranted by the plain language of Rule 4(a) which provides that "the plaintiff or the plaintiff's attorney ... shall be responsible for prompt service of the summons and a copy of the complaint." Fed.R.Civ.P. 4(a).

may allow an extension of time when the delay was caused by excusable neglect. Fed.R.Civ.P. 6(b)(2).

▇ In determining what constitutes good cause to avoid a Rule 4(j) dismissal, courts have stated that the good cause standard requires at least as much as would be required to show excusable neglect under Rule 6(b)(2). *See Braxton*, 817 F.2d at 241. The Third Circuit has stressed that the 120 day time limit should be strictly applied and has noted that the legislative history provides only one example where an extension for good cause would be permissible: when the defendant intentionally evades service of process. *See Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). Half-hearted efforts will not excuse a delay in service, especially when plaintiff's lack of diligence is evident. *See id.* at 84–85; *Braxton*, 817 F.2d at 241.

▇ Plaintiff argues his failure to effect service within the prescribed time period should be excused because the court was allegedly negligent in issuing the summonses with respect to the second amended complaint. Good cause may be found when a delay in issuance or service of a summons is due to a clerk's negligence or something else beyond plaintiff's control. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure*, § 1086 at p. 27 (1987). In this case, however, plaintiff has not substantiated his allegation that the clerk's office was negligent in issuing the summonses, and has failed to show good cause why service was not diligently attempted when he received the summonses.

Plaintiff has submitted two envelopes from the chambers of Magistrate Hedges which were addressed to his previous address, rather than the address indicated in his complaint. The summonses, however, were issued by the Clerk's office. The Clerk's file indicates that correspondence from the Clerk's office has been sent to plaintiff's current address.

Furthermore, the record indicates plaintiff did not act diligently to ensure service was timely. While he states he did not receive the summonses until the beginning of October, he does not offer any explanation why he made no effort to notify the court of the delay or to request alias summonses. Moreover, plaintiff offers no adequate explanation why he made no effort to properly serve defendants once he received the summonses in early October. Plaintiff's half-hearted efforts do not constitute good cause or excusable neglect as required under Rules 4(j) and 6(b)(2).

Plaintiff also argues he should be excused for failing to make proper service within the 120 day period because defendants "lulled" him into believing that service had been accomplished. He argues "defendants tried to bring the case to rest" by not filing any motions with the court. He also states that on December 16, 1987, counsel for Wells Fargo offered to settle the case.

Plaintiff relies on *Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104 (E.D.Mich.1987). In *Ditkof* the court excused plaintiff's failure to effect proper service on one defendant where the defendant had joined a removal petition, and two years later sought dismissal for insufficiency of process. *Id.* at 105. While the court found the defendant's joinder in the removal petition did not preclude the defendant from moving to dismiss, the court reasoned that dismissal would be unfair because defendant's joinder and his inclusion in subsequent proofs of service had lulled plaintiff into believing service had been accomplished. *Id.*

▇ The facts of *Ditkof,* however, differ sharply from those presented here. The defendants in this case have not lulled plaintiff over a long period of time into believing they had been properly served. Abdel–Latif's allegations regarding defendants' inactivity with respect to his case or his implication they had actual notice does not excuse his failure to effect proper service within 120 days from the filing of the complaint. Even if the defendants were aware of this action, it does not remove plaintiff's duty to effect proper service

within the 120 day period.[5] *See Strana-han*, 800 F.2d at 56–57 (although defendants may have actual notice, the rules' plain requirements for the means of effecting service may not be ignored). Plaintiff simply failed to properly serve defendants within the required period and the court, on its own initiative, promptly sought the dismissal mandated by Rule 4(j).

Plaintiff has not made the showing of good cause necessary to avoid a Rule 4(j) dismissal or a showing of excusable neglect necessary to warrant an enlargement of time under Rule 6(b)(2). Plaintiff failed to take diligent steps to ensure that service was effected in accordance with the plain language of Rule 4. The Third Circuit has stressed the Rule 4(j) time limit should be strictly applied; dismissal under the rule is mandatory.

*Conclusion*

Rule 4(j) mandates dismissal when service has not been effected within 120 days after the complaint has been filed. Plaintiff has not shown good cause why service was not made in accordance with the rule. Thus, the magistrate's recommendation is adopted, and this action is dismissed without prejudice.

SO ORDERED.

---

**5.** On December 22, 1987, the court received a letter from counsel for defendants Wells Fargo and Baker requesting a copy of . Magistrate Hedges' recommendation to dismiss the action. On January 13, 1988, the court received an answer to the second amended complaint from defendant Gates. A defendant may waive its ability to make a Rule 12(b)(5) motion to dismiss for insufficiency of service of process. *See*

5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1391 at p. 853–855 (1969 & Supp. 1987). The failure to effect timely service in this case, however, was raised by the court's own motion pursuant to Rule 4(j) which provides that "the action shall be dismissed ... without prejudice upon the court's own initiative" when service is not effected within the prescribed 120 day period.