**Jack D. McWHERTER and Jineen McWherter, Plaintiffs,**

v.

**CBI SERVICES, INC., a Delaware Corporation, Asea Brown Boveri, a Swiss Corporation, Asea Brown Boveri, Inc., a Delaware Corporation, Kalaeloa Partners, L.P., a Delaware limited partnership, ABB Power Generation, Inc., a Delaware Corporation, ABB Hawaiian Co-Generation, Inc., a Delaware Corporation and a general partner in Kalaeloa Partners, L.P., Defendants.**

**Civ. No. 93–00018 ACK.**

United States District Court, D. Hawaii.

Feb. 1, 1994.

information.

Robert Foliaki, Honolulu, HI, Edward A. Gleason, Murray I. Weiner, Mulliken Gleason & Weiner, P.C., Colorado Springs, CO, David C. Feola, Denver, CO, for plaintiffs.

Jeffrey S. Harris, Torkildson Katz Jossem Fonseca Jaffe & Moore, Honolulu, HI, for CBI Services, Inc.

Bert T. Kobayashi, Jr., Lex R. Smith, Kobayashi Sugita & Goda, Honolulu, HI, for ABB Energy Services, Inc., Kalaeloa Partners L.P. and ABB Power Generation, Inc.

Bert T. Kobayashi, Jr., Lex R. Smith, Kobayashi Sugita & Goda, Elton John Bain, Denise Balanay, Kessner Duca & Maki, Honolulu, HI, for ABB Hawaiian Co–Generation, Inc.

### ORDER GRANTING DEFENDANT CBI SERVICES, INC. MOTION TO DISMISS

KAY, Chief Judge.

### FACTS

On January 12, 1991, Jack McWherter was allegedly exposed to mercury spray at the Kalaeloa Co–Generation Project. On January 8, 1993, Jack and Jineen McWherter filed a complaint against CBI and others claiming damages resulting from alleged injuries resulting from the January 12, 1991 incident. On February 9, 1993, the plaintiffs mailed the summons to CBI's agent in Colorado. CBI has a registered agent in Honolulu, HI. CBI never returned the "Notice and Acknowledgment of Receipt of Summons and Complaint." On March 2, 1993, CBI filed an answer to the McWherters' complaint. The

answer raised the defenses of lack of personal jurisdiction and insufficient service. On March 5, 1993, CBI's agent in Colorado was personally served with a summons. On March 22, 1993, CBI filed a return of service. On April 5, 1993, CBI filed a scheduling conference statement that notified the Court and Plaintiffs that delivery of service in Colorado was outside the territorial limits for service of process. In addition, CBI counsel, Jeffrey S. Harris, personally informed Plaintiffs at the scheduling conference that service had been defective, 34 days before the statute of limitation for service had expired. On October 20, 1993, plaintiffs served their First Set of Interrogatories. On October 27, 1993, CBI filed this motion to dismiss all claims against it for lack of sufficient service and personal jurisdiction.

## DISCUSSION

Federal Rule of Civil Procedure 4(j) states:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required *cannot show good cause* why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Accordingly, the single issue before this Court is whether plaintiffs can demonstrate sufficient "good cause" to excuse their failure to perfect service within the 120 day period established by Rule 4(j).[1]

In opposition to CBI's motion to dismiss, the plaintiffs make three arguments: (1) dismissal is improper because CBI will suffered no prejudice from the imperfect service, (2) dismissal is improper because it would bar Plaintiffs' cause of action because the statute of limitation has already expired and (3)

CBI's conduct discouraged the plaintiff from perfecting service and therefore established sufficient "good cause" to deny the defendant's motion to dismiss.

### Absence of Prejudice

Prior to the 1983 amendments to Rule 4 there was no time limit for the service of process. If a plaintiff delayed service, a defendant could move for dismissal for failure to prosecute under Fed.R.Civ.P. 41(b), and the plaintiff would be held to a flexible "due diligence" standard. *Gordon v. Hunt, et al.,* 116 F.R.D. 313 (S.D.N.Y.1987). A finding of lack of due diligence depended upon two factors: (1) whether the delay was "unreasonable" or "moderate or excusable," and (2) if the delay in service had caused "actual prejudice" to the defendant. *Id.; Lyell Theater Corp. v. Loew Corp.,* 682 F.2d 37, 42–43 (2d Cir.1982). The Courts and Congress accepted this more lenient standard because service of summons in private actions was performed by the United States Marshals. *Braxton v. U.S.,* 817 F.2d 238, 240 (3rd Cir.1987) (the fact that service of process was conducted by federal marshals had given courts confidence that service was being performed competently and properly).

In 1983, Rule 4 was amended primarily to relieve United States Marshals of the burden of serving summonses and complaints in private civil actions. *Abdel–Latif v. Wells–Fargo Guard Services, Inc.,* 122 F.R.D. 169, 171–72 (D.N.J.1988) (quoting 128 Cong.Rec. H9848–49 (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S.Code Cong.Rec. & Admin.News 4434, 4437). As a result, courts became increasingly concerned with preventing abuse of service and enforcing the literal language of Rule 4. *Braxton,* 817 F.2d at 240–241; Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions,* 96 F.R.D. 88, 109 (1983) (Federal

---

**1.** Plaintiffs' service by mail did not comply with F.R.C.P. 4(d), 4(f).

*Rule 4(d)(3).* The summons and complaint shall be served together.... Upon a domestic or foreign corporation ... by delivering a copy of the summons and of the complaint to ... [an] agent authorized by appointment or law to receive service of process ...

*Rule 4(f).* All process other than a subpoena may be served any where within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state.

Plaintiffs' service of defendants' agent in Colorado clearly falls outside the requirement of F.R.C.P. 4(f).

plaintiff lawyers should treat the 120 day requirement with the respect reserved for a "time bomb"). Accordingly, whether or not a defendant is prejudiced by a delay in service is no longer a formal factor in the judicial resolution of a motion to dismiss for lack of service.

■ The purpose of Rule 4(j) is to force plaintiffs and their attorneys to be diligent in prosecuting their cause of action. *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985). Where a plaintiff fails to perfect service within the 120 day period, the burden is on the plaintiff to demonstrate that sufficient "good cause" exists to excuse the delay. *Townsel v. County of Contra Costa, California,* 820 F.2d 319 (9th Cir.1987) (a suit shall be dismissed if service is not perfected in 120 days after the filing of the complaint unless the plaintiff can show good cause why service was not made). Nowhere in the language of Rule 4(j) does the word "prejudice" appear. Indeed, Congress most likely believed such language was unnecessary because "good cause" requires (with rare exceptions) the defendant to engage in some conduct that inhibits the ability of the plaintiff to perfect service. 1982 U.S.C.C.A.N. 4446 n. 25 (if failure to effect service is due to evasion of service, a court should not dismiss because the plaintiff has "good cause"); *Ditkof v. Owens–Illinois, Inc.,* 114 F.R.D. 104, 105 (E.D.Mich.1987) (defendant lulled plaintiff into believing that service had been accomplished); *But see Townsel,* 820 F.2d at 320–21 (ignorance regarding the existence of Rule 4(j) does not constitute "good cause"); *Wei,* 763 F.2d at 372 (attorney's failure to correctly calendar the 120 day limit does not constitute "good cause"); *Fimbres v. United States,* 833 F.2d 138, 139 (9th Cir.1987) (attorney's delay of service for strategic reasons did not constitute "good cause"); *Hamilton v. Endell,* 981 F.2d 1062, 1065 (9th Cir.1992) ("good cause" exceptions only applies in limited circumstances, and inadvertent error or ignorance of governing rules will not excuse a litigant's failure to effect timely service). Consequently, the fact that CBI will suffer no prejudice from a denial of its motion to dismiss does not alleviate the plaintiff's burden of demonstrating "good cause."

### Statute of Limitation

■ Plaintiff argues that CBI's motion to dismiss should be denied because he would be extremely prejudiced by dismissal since the statute of limitations on the McWherters' claims against CBI had already expired. Accordingly, a dismissal without prejudice in this case would, in effect, be a dismissal with prejudice with regard to Plaintiffs' claims against CBI Services, Inc.

Although dismissal may be a harsh result, the fact that the statute of limitation has run does not mitigate the plaintiff's burden to demonstrate "good cause." In enacting Rule 4(j), Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of law suits. *Townsel,* 820 F.2d at 321 (Congress has mandated dismissal even in cases where the statute of limitation has run); *McDonald v. United States,* 898 F.2d 466, 468 (9th Cir.1990) (dismissal is not unwarranted simply because the limitation period has run). Consequently, the fact that the statute of limitation period has run on the McWherters' claims against CBI does not mitigate the burden of demonstrating "good cause."

### CBI's Conduct

■ Between March 2, 1993 (when CBI filed its answer) to October 27, 1993 (when CBI filed this motion to dismiss), plaintiff asserts that (1) CBI had sought to have the case dismissed on other grounds, (2) CBI had aggressively pursued discovery from plaintiff and (3) the plaintiff had served his first set of interrogatories requesting the basis of CBI's defenses of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Plaintiffs contend that this conduct excuses their failure to perfect service within the required 120 days. Moreover, plaintiffs assert that CBI had waited 60 days after receipt of its interrogatories before moving to dismiss this action under Rule 4(j). Defendant CBI, however, argues that it had preserved the right to file this motion by including the defenses of lack of jurisdiction and insufficient service in its answer and scheduling conference statement. Moreover, CBI's counsel, Jeffrey Harris, personally notified Plaintiffs that service had been defec-

tive more than 30 days prior to the expiration of the 120 day period established by Rule 4.

In *Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D.Mich.1987), a Michigan district court ruled that a defendant's full participation in a case and its inclusion in every subsequent proof of service excused the plaintiff's initial failure of service by providing "good cause" under Rule 4(j). The court ruled that a defendant's participation in litigation for nearly two years prior to filing its motion to dismiss had "lulled" plaintiff into believing that service had been accomplished. Similarly, in *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir.1990), the Second Circuit ruled that a defendant waives the defense of proper service when defendant had the opportunity to inform the plaintiff of a defect in service before the statute of limitation had run.

Neither the rationale of *Ditkof* nor *Datskow* apply in the present case since CBI's delay prior to filing this motion to dismiss could not have reasonably induced Plaintiffs to rely on the sufficiency of service. Indeed, plaintiffs filed their complaint on January 8, 1993 only *4 days* before the statute of limitation had expired.[2] Moreover, their first attempt at service did not occur until February 9, 1993, nearly one month after the statute of limitation had expired. Consequently, Plaintiffs were on notice that if service was not accomplished within 120 days of filing the complaint, they would be barred from asserting claims against CBI.

■ Courts have consistently ruled that an inadvertent error in service does not constitute "good cause." *Townsel*, 820 F.2d at 320–21 (mistaken belief does not constitute "good cause"); *Wei*, 763 F.2d at 372 (attorney error does not create "good cause"). The definition of inadvertent error encompasses the failure to mail service to the correct address.[3] Accordingly, the plaintiffs'

failure to mail service to CBI's registered agent in Honolulu, Hawaii is insufficient to establish "good cause."[4]

■ Furthermore, CBI's delay in bringing this motion to dismiss, although unfortunate, did not amount to a waiver of its defense of insufficient service. CBI had continuously preserved its affirmative defenses by including lack of sufficient service and personal jurisdiction in its answer and status conference statement. Consequently, Plaintiffs' full and complete knowledge of Defendant's claim that service was defective prior to the expiration of the 120–day limit refutes any claim that "good cause" may have existed to excuse Plaintiffs' failure to perfect service within the required 120–day period.

### CONCLUSION

For the above reasons, the Court grants Defendant's motion to dismiss Plaintiffs' suit against CBI Services, Inc. under Rule 4(j) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

---

**2.** In Hawaii, actions for the recovery of compensation for damage or injury to persons or property must be instituted within two years after the cause of action accrued. H.R.S. § 657–7.

**3.** The Court takes note of the fact that in another suit between the same two parties, Plaintiffs correctly served defendant CBI's agent in Hawaii.

*See Jack D. McWherter v. CBI Services, Inc., et al.,* Civ. No. 92–00435 HMF. This was prior to the filing of this suit.

**4.** Indeed, the plaintiffs risked such a harsh result by filing their complaint so close to the end of the statute of limitation.