GREEN, Francis, Appellant,

v.

HUMPHREY ELEVATOR AND TRUCK
COMPANY and Maintenance Company.

No. 86–1428.

United States Court of Appeals,
Third Circuit.

Argued Feb. 9, 1987.

Decided April 15, 1987.

As Amended May 12, 1987.

Thomas F. Grady (argued), Nino V. Tinari, Nino V. Tinari, P.C., Philadelphia, Pa., for appellant.

Terance P. Kennedy (argued), William C. Foster, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for appellee, Humphrey Elevator & Truck Co.

John J. Hatzell, Jr. (argued), Law Offices of Anthony Frayne, Philadelphia, Pa., for appellee, The Maintenance Co.

Before HIGGINBOTHAM and
STAPLETON, Circuit Judges, and
CONABOY, District Judge.*

**OPINION OF THE COURT**

A. LEON HIGGINBOTHAM, Jr., Circuit
Judge.

I.

Appellant Francis Green brought suit against defendants-appellees Humphrey Elevator and Truck Company ("Humphrey") and The Maintenance Company

---

* Honorable Richard P. Conaboy, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

("Maintenance") for injuries suffered during employment in New Jersey on October 9, 1983, allegedly as a result of appellees' negligence. *See* Brief and Appendix for Appellant, Francis Green at 8A–11A (References to Appendix for Appellant hereinafter "AA"). Appellant through his counsel, Nino V. Tinari, Esquire, filed his complaint on October 9, 1985, the last day of the two-year statute of limitations governing his claim. N.J.Stat.Ann. § 2A:14–2 (West 1952); *see* AA at 54A.[1] On February 5, 1986, 119 days after filing the complaint, appellant mailed copies of the summons and complaint to appellees.[2] *See* AA at 25A, 54A. Appellee Humphrey received appellant's mailed service on February 10, 1986, 124 days after filing; appellee Maintenance received the mailed service on February 11, 1986, 125 days after filing.

On February 13, 1986, Judge VanArtsdalen,[3] issued an order notifying appellant that, unless good cause was shown within ten days why service was not made within 120 days of filing the complaint, the action would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(j). AA at 39A. In response, Mr. Tinari filed a certification with the district court on February 18, 1986, asserting that copies of the summons and complaint, together with a notice and acknowledgment form, had been mailed to appellees on February 5, 1986 and that he had not received the return acknowledgments. Mr. Tinari offered no further explanation in that certification. In addition, motions to dismiss appellant's complaint for failure to comply with Rule 4(j) were filed by Humphrey on March 27, 1986, and Maintenance on May 12, 1986. *See* AA at 30A, 46A. Although both of these motions were served upon Mr. Tinari, no response by appellant was ever filed with the court. On June 19, 1986, Judge VanArtsdalen granted appellees' motions and dismissed the complaint without prejudice pursuant to Rule 4(j). AA at 54a. In so doing, he ruled that service was complete for the purposes of the Rule 4(j) [4] time limit upon receipt of the summons and complaint, rather than upon mailing, and that appellant had failed to show good cause why service was not made

---

1. Although the district court did not reach the issue, New Jersey law was likely to control for limitations purposes in this personal injury action. *See Shields v. Consolidated Rail Corp.,* 810 F.2d 397 (3d Cir.1987). The same two-year limitations period would likely apply under Pennsylvania law. *See* 42 Pa.Const.Stat.Ann. § 5524(2) (Purdon 1978).

2. Service by regular mail is permitted under Fed.R.Civ.P. 4(c)(2)(C)(ii).

3. United States District Judge for the Eastern District of Pennsylvania.

4. Fed.R.Civ.P. 4(j) requires dismissal without prejudice when service of the summons and complaint is not made within 120 days from the filing of the complaint and good cause is not shown for such delay. *See infra* p. 880.

Judge VanArtsdalen's order dismissing the complaint in the instant action is final and thus reviewable pursuant to 28 U.S.C. § 1291 (1982) because the statute of limitations on appellant's cause of action has run. Appellant would have been unable to amend the complaint or to refile the claim. *See* Siegel, *Practice Commentaries on FRCP Rule 4,* 28 U.S.C.A. Federal Rules of Civil Procedure Rules 1 to 11, C4–37 (West Supp. 1986) ("It should ... be plain to all lawyers that playing loose with the 120 days after having delayed suit until the eve of the expiration of the statute of limitations can easily have fatal consequences."); *see id.* ("The diversity plaintiff must see to it ... that the day on which the summons is served is within the 120 days (the federal requirement) as well as within the applicable statute of limitations (the state requirement)"); *see also Leger v. Ohio Barge Lines, Inc.,* 38 Fed.R.Serv. 1233, 1233 (W.D.Pa.1984) [Available on WESTLAW, DCT database] ("Obviously, the effect of a dismissal without prejudice where the statute of limitations has run is the same as dismissal with prejudice: it bars a subsequent action.").

In this Circuit, "[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend ... does the order become final and appealable." *Borelli v. City of Reading,* 532 F.2d 950, 951–52 (3d Cir.1976) (per curiam); *see also Cardio-Medical Assocs. v. Crozer-Chester Medical Center,* 721 F.2d 68, 76 (3d Cir.1983) ("a dismissal without prejudice ... is not a final order until ... the time for amendment has expired"); *cf. Czeremcha v. International Ass'n of Machinists & Aerospace Workers,* 724 F.2d 1552, 1554 (11th Cir.1984) (noting distinction in this Circuit between dismissal of a complaint and dismissal of the action, wherein "only the latter constitutes a final order, unless ... the action could not be saved by amendment").

within the 120–day period. *Id.* at 56A. This appeal ensued.

At the outset, we note that our formulation of the question involved in this case differs from that addressed by the district court. Judge VanArtsdalen considered the question whether service is made at the time the summons and complaint are mailed by a plaintiff or at the time they are received by a defendant, and concluded that service is made at the time of receipt. We think the question, more appropriately, is at what time is service effected for purposes of Fed.R.Civ.P. 4(j) when service by the plaintiff is attempted pursuant to Rule 4(c)(2)(C)(ii), but an acknowledgment is not returned by the defendant. Because the legislative history of the Federal Rules of Civil Procedure Amendments Act of 1982, which revised Rule 4 and added subsection (j), indicates a strong congressional intent to provide defendants with actual notice of claims against them, and because the limited case law and commentary on Rule 4(j) proceed from that premise, we conclude that under such circumstances service ordinarily should be considered made when personal service is made upon the defendant. Accordingly, we will affirm the district court's dismissal of appellant's complaint for non-compliance with Rule 4(j).

## II.

■ The crux of this appeal concerns whether "service" of a summons and complaint, when undertaken pursuant to Rule 4(c)(2)(C)(ii),[5] is made at the time of mailing by a plaintiff. This determination requires construing the language of Rule 4(j),

which, *inter alia,* imposes a 120–day time limit on plaintiff for serving a defendant. Because such construction is a question of law, our standard of review is plenary. *See United States v. Adams,* 759 F.2d 1099, 1106 (3d Cir.1985).

## A.

■ Rule 4(j) provides in relevant part as follows:

(j) *Summons: Time Limit for Service.*

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j). Rule 4(j) obviously is not explicit as to exactly when service is "made." The question is further complicated when a plaintiff utilizes the provisions of Rule 4(c)(2)(C)(ii) for service by mail. Moreover, the gravity of the ruling this Court is asked to make is maximized when, as here, affirmance of a dismissal without prejudice would render the appellant's cause of action subsequently time-barred.[6] Both the legislative history accompanying the adoption of Rule 4(j) and the limited case law interpreting it, however, lead us to conclude that personal service is required to effectuate service under Rule 4(c)(2)(C)(ii) if a defendant fails to

---

**5.** Rule 4(c) enumerates the methods and requirements for service of process. Rule 4(c)(2)(C)(ii) provides that a plaintiff may serve the summons and complaint on a defendant individual, corporation, partnership, or unincorporated association

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date mailing, service of such summons and complaint shall

be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3). Fed.R.Civ.P. 4(c)(2)(C)(ii).

**6.** Despite the severity of such a result, courts that have considered this issue seem unanimously to have held that dismissal for service made more than 120 days after filing is required under the rule absent a showing of good cause. *See, e.g., Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1307 (5th Cir.1985); *United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 711 n. 5 (9th Cir.1985); *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985); *Burks v. Griffith,* 100 F.R.D. 491, 492–93 (N.D.N. Y.1984).

return an acknowledgment within the designated time period.

Rule 4(j) was adopted by Congress as part of the Federal Rules of Civil Procedure Amendments Act of 1982 ("Act"), Pub.L. No. 97–462, 96 Stat. 2527 (adopted Jan. 12, 1983). *See* Court Rules, 96 F.R.D. 75 (1983). Neither House of Congress submitted a report with this legislation but Representative Don Edwards (D.–Calif.), a member of the House Judiciary Committee and a co-sponsor of the bill, designated H.R. 7154, submitted a historical statement and explanation that helps to clarify the issue in this case. *See* 128 Cong.Rec.H. 9848, *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434; 96 F.R.D. at 116 (Appendix A—*Congressional Record*).

H.R. 7154 was Congress's attempt to cure certain problems in the amendments to the rule proposed earlier in 1982 by the Supreme Court. The Supreme Court's suggested amendments sought to reduce the burden on the United States Marshals Service as process servers, and, toward that end, provided for service by registered or certified mail in a proposed addition to section 4(d). *See* 96 F.R.D. at 126 (Proposed Amendments to Rule 4). The Supreme Court's proposals also included a new section, 4(j), establishing a time limit for service, which specified that "[i]f service is made by mail pursuant to [proposed] Rule 4(d)(8), service shall be deemed to have been made for the purposes of this provision as of the date on which process was accepted, refused, or returned as unclaimed." *Id.* at 127. Congress, however, was concerned about potential problems that might arise under these proposed amendments with regard to providing actual notice to defendants through a system of mail service.[7] Representative Edwards expressed that concern, and Congress's response to it, as follows:

> Critics of that system of mail service argued that registered and certified mail were not necessarily effective methods of providing actual notice to defendants of claims against them.... [Under Rule 4(c)(2)(C)(ii) in H.R. 7154, s]ervice would be by ordinary mail with a notice and acknowledgment of receipt form enclosed. If the defendant returns the acknowledgment form to the sender within 20 days of mailing, the sender files the return and service is complete. If the acknowledgment is not returned within 20 days of mailing, then service must be effected through some other means provided for in the Rules.
>
> This system of mail service avoids the notice problems created by the.... procedures proposed by the Supreme Court ... In either instance [under 4(c)(2)(C)(ii) ], ... the defendant will receive actual notice of the claim.

96 F.R.D. at 118–19.

The potential adverse implications of "unclaimed" mail for default judgments prompted Congress to delete from H.R. 7154 the Supreme Court's proposed language specifying when service would be deemed made under subsection (j). 96 F.R.D. at 118 n. 8. The bill also added a "good cause" exception to Rule 4(j) to protect diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed the 120–day limit for service. Commenting on Congress's version of Rule 4(j), Representative Edwards indicated that the purpose of Rule 4(j), similar to that of Rule 4(c)(2)(C)(ii), was *"completing* service within that [120–day] time." *Id.* at 119 (emphasis added).

The apparent concern for actual notice that motivated Congress's rejection of the Supreme Court's proposed amendments and the enactment of H.R. 7154, together with the emphasis on completed service as requiring additional acts beyond the mere mailing of the summons and complaint, strongly suggests that Judge VanArtsdalen properly concluded that the mere act of mailing is insufficient to effectuate service

---

7. In response to such concerns, Congress delayed the implementation of the Supreme Court's proposal to study the anticipated problems. *See* H.R.Rep. No. 662, 97th Cong., 2d Sess., *reprinted in Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure,* 96 F.R.D. 131 (1983). House Resolution 7154 was Congress's proposed revision of Rule 4.

under Rule 4(j). Related provisions of the rules also support this conclusion. For instance, Rule 4(j) specifically exempts service in a foreign country under Rule 4(i) from the 120–day limit. Apparently, the vagaries of such service render the Rule 4(j) time limit too burdensome on a plaintiff. If service were to be deemed "made" simply at the time of mailing, as appellant contends, however, there would be no logical reason to exempt foreign process serving from the 120–day time limit. The Rule 4(j) foreign service exemption only makes sense, in other words, when the policy concern for actual notice is given primacy. Likewise, Rule 5 indirectly lends support to our construction of Rule 4(j). Rule 5(a) governs service of "every pleading subsequent to the original complaint" and other subsequent papers. In these matters, Rule 5 explicitly states that "[s]ervice on a party's attorney by mail is complete upon mailing." Fed.R.Civ.P. 5(b). Once a defendant's actual knowledge of the claim against him or her has been procured, allowing completed service under Rule 5 to become effective upon mailing for all papers *after* the original complaint makes sense as a matter of convenience. Had Congress intended that similar practices apply under either Rule 4(j) or Rule 4(c)(2)(C)(ii), it could have included comparable, explicit language concerning the effect of a mailing. Congress, however, did not do so. We recognize that congressional silence is not always an affirmative sign of intent. Here, however, the omission of such explicit language from Rule 4(j) is consistent with and supportive of Congress's expressed intent to promote actual notice of claims against defendants. Construing "service" under Rule 4(j), where no acknowledgment has been returned by the defendant under Rule 4(c)(2)(C)(ii), as made and complete upon personal service on the defendant, rather than upon mailing, of the original complaint is similarly consistent with that congressional intent.

### B.

Actual notice, then, is of paramount importance to the scheme contemplated by Rule 4. Although the district court's conclusion that service be deemed made upon receipt is not at odds with the goal of actual notice, we think that interpretation may unnecessarily burden the parties and the courts with discovery requests and evidentiary hearings whenever there is a dispute.[8] We think the better approach, where receipt has not been verified by return acknowledgment, is to require personal service upon the defendant.

Since Rules 4(c)(2)(C)(ii) and 4(j) went into effect in 1983, no reported decision has addressed a factual situation exactly like the one presented here. Two principal decisions, however, bolster our rejection both of appellant's position—that service is ef-

---

**8.** At least one Court has held that notwithstanding the potential evidentiary burdens, service may be deemed complete upon actual receipt of the summons and complaint by the defendant.

In *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984), the Second Circuit reversed the dismissal of a negligence action on the ground that it was barred by the statute of limitations. The district court had found that although the defendant-appellee received the summons and complaint by mail, he did not return the acknowledgment. In construing the provisions of Rule 4(j) in tandem with those of Rule 4(c)(2)(C)(ii), the district court held that, under the circumstances, plaintiff's claim could be deemed to have commenced only upon personal service on the defendant-appellee pursuant to Rule 4(c)(2)(C)(ii). By that time, however, the statute of limitations for the plantiff's claim had expired and the case was therefore dismissed.

On appeal, the Second Circuit read the legislative history of the Amendments Act of 1982 as emphasizing actual notice under Rule 4 and reversed the judgment of the district court, holding instead that service had been completed at the time the defendant-appellee received, and thus had actual notice from, the initial mail service, which was within the limitations period. 752 F.2d at 39. The *Morse* Court explicitly recognized that, as a result of this interpretation, "a hearing will be required in some cases to determine whether the mailed complaint was timely received." *Id.* at 41 n. 12. As noted in the 1985 Commentaries to Rule 4, however, the "potentially unfortunate impact of ... *Morse* ... may be to invite fact contests ... [that may] entail a substantial additional expenditure of judicial time and effort in respect of an issue Congress apparently sought to avoid with the acknowledgment requirement." 28 U.S.C.A. Federal Rules of Civil Procedure Rules 1 to 11 1985 Commentaries, C4–19 (West Supp.1986).

fective upon mailing—and the conclusion of the district court—that service is effective upon receipt.

*Red Elk v. Stotts,* 111 F.R.D. 87 (D.Mont.1986), dealt with the question "when ... service [under Rule 4(c)(2)(C)(ii) ] becomes effective: upon mailing, upon return, or, absent return, upon personal service." *Id.* at 88. There, plaintiff attempted mail service on defendants three days before the expiration of the 120–day time limit of Rule 4(j). The acknowledgment forms were returned within the 20–day time limit imposed upon defendants by Rule 4(c)(2)(C)(ii), but beyond the 120–day time limit for effective service imposed upon plaintiffs by Rule 4(j). The *Red Elk* court concluded that on the facts of its case, service must be deemed made upon the return of the acknowledgment forms, which was too late under the Rule 4(j) time limit. Implicit in the court's reasoning was the primacy of the 120–day time limit; to be effective, service, by whatever means, must be completed *within* the 120 days.

In *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.,* 733 F.2d 1087 (4th Cir.1984), the Fourth Circuit, considering the question whether an alternative method of service pursuant to the law of the forum state was effective when attempted mail service under Rule 4(c)(2)(C)(ii) was ineffectual because the defendant did not return the acknowledgment form, observed that

> [Rule] 4(c)(2)(C)(ii) provides a convenient means for effecting service of process without involvement of a personal process server. Its effectiveness, however, is dependent upon an appropriate response by the defendant on the Notice and Acknowledgment for Service by Mail form. The notice clearly informs the defendant that the penalty for failure to sign, date and return the form is that it may be required to pay the costs of procuring service in some other manner.

733 F.2d at 1088. *Armco* teaches, for the purpose of this appeal, that (1) mailing

alone will never satisfy the service requirement of Rule 4(j), and more important, (2) a defendant may entirely frustrate a plaintiff's attempt to utilize the mail service method. *Armco* also highlights the fact that a defendant's deliberate refusal to acknowledge receipt is not without consequence.

Rule 4(c)(2)(C)(ii) expressly incorporates, for the purpose of defendant acknowledgment of receipt, official Form 18–A. That form, in turn, advises the defendant that the *only* consequence of failing to return the acknowledgment form is that s/he may be required to pay the expense of alternative service.[9] *See, e.g., Eden Foods, Inc. v. Eden's Own Products, Inc.,* 101 F.R.D. 96 (E.D.Mich.1984) (plaintiff entitled to costs of serving defendants personally where plaintiff complied with procedures for mail service and defendants failed to respond). Both *Armco* and *Red Elk* support the conclusion that the proper reading of Rules 4(c)(2)(C)(ii) and 4(j) is that service is not made at the time of mailing. Moreover, we conclude that a defendant who refuses to return the acknowledgment form must be personally served—within the 120–day period—with copies of the summons and complaint. *Cf. Stranahan Gear v. Blue Streak Indus.,* 102 F.R.D. 250 (E.D.Pa. 1984) (where acknowledgment form was never returned by defendant, valid service was not made) *aff'd,* 800 F.2d 53 (3d Cir. 1986); *Billy v. Ashland Oil, Inc.,* 102 F.R.D. 230, 233 (W.D.Pa.1984) ("When Plaintiff did not receive the Notice and Acknowledgment forms ..., having elected to proceed under Rule 4(c)(2)(C)(ii), personal service was mandatory [and thus, default judgment was improper].").

The only significant commentary on the Act, while acknowledging the literal ambiguity of Rule 4(j), also adopts this view. That commentary alerts the plaintiff to the potential problems under Rule 4(c)(2)(C)(ii) and counsels caution in reliance on the mail method:

---

**9.** Form 18–A provides in pertinent part:
  If you do not complete and return the form to the sender within 20 days, you ... may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.
  Form 18–A, Fed.R.Civ.P.

Assume that the mail method is to be used. The complaint has been filed and the 120 days for summons service is running. Another period is involved now: the 20 days within which, following the mailing, the acknowlegment must be returned. If it isn't returned within that time, the plaintiff must turn to some other method. It is suggested that if the mail method is to be tried at all, it should be initiated promptly after the summons has been issued (i.e., the complaint filed). This is for the reason that *if the 20 days expire without the acknowledgment coming back, and the plaintiff must now get the summons into the hands of a process server,* there will be that much less time left for service. The 20 days apparently come out of the 120. If mail is tried promptly, but fails, there will be some 100 days left for service by some other means. If it is delayed, a still bigger chunk will come out of the 120 days, and less of the period will remain for service.

Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitation Precautions,* 96 F.R.D. 88, 113–14 (1983) (emphasis added); *cf.* Mullenix, *The New Federal Express: Mail Service of Process under Amended Rule 4,* 4 Rev. of Litig. 299, 326–28 (1985) (Rule 4(j) requires that service be perfected within 120–day period).

At first glance, construing service under Rule 4(j) as ineffective where no acknowledgment is returned by the defendant where the mail method is employed may seem harsh and likely to subject a plaintiff to the uncertainty of events over which s/he exercises no control. A closer look, however, makes clear that the rules promote such considerable flexibility that their requirements are not likely to be unjustly applied. Initially, a plaintiff has a choice of methods by which service can be made pursuant to Rule 4(c). At this threshold, a plaintiff has the opportunity to balance considerations of convenience, cost, speed, and certainty in determining how best to effectuate service. Moreover, developing case law suggests that defendants may not openly and with impunity flout the procedural requirements of Rule 4(c)(2)(C)(ii). At least one case, reported in the 1986 Supplementary Commentary to Rule 4, has held that the costs charged to a non-acknowledging defendant may include the attorney's fee both in arranging personal service and in making the motion to recover costs under Rule 4(c)(2)(D). *See C.I.T. Leasing Corp. v. Manth Machine & Tool Corp.,* (CIV–85–261C) (W.D.N.Y. Sept. 3, 1985) (cited in 28 U.S.C.A. Federal Rules of Civil Procedure Rules 1 to 11 1986 Supplementary Practice Commentaries, C4–19 (West Supp.1986)). In addition, as previously noted, Rule 4(j) itself was revised prior to enactment to allow for a "good cause" exception to the 120–day time limit. *See, e.g., Moorehead v. Miller,* 102 F.R.D. 834 (D.V.I.1984) (complaint not dismissed in light of good cause shown for delay in service). Thus, the conscientious plaintiff may preserve his or her claim despite failure to comply strictly with the time requirements of the rule. Finally, a plaintiff may utilize Rule 6(b) [10] to seek enlargement of the time period both before and after its expiration.

### C.

■ In this case, appellant's counsel, Mr. Tinari, did not even attempt to take advantage of any of the available provisions outlined above. Having chosen to effectuate service by mail on the 119th day after his complaint was filed, appellant now presents two arguments that he maintains require

---

**10.** Fed.R.Civ.P. 6(b) provides as follows:

b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

reversal of the district court's dismissal of the complaint. In light of the sources already discussed, however, neither of these arguments are persuasive.

First, appellant stands on the plain language of Rule 4(c)(2)(C)(ii) that a defendant can be served by mailing copies of the summons and complaint. On this basis, he contends, the district court's order to show good cause was unnecessary since the requirements of Rule 4 were met within the 120–day limit. Appellant seeks to buttress this argument by reference to the pronouncement from Corpus Juris Secundum that "[s]ervice is complete when all the required acts are done. So, if all that the statute requires is done, it is immaterial that defendant in fact receives no notice thereof." 72 C.J.S. Process § 43 (1951). Appellant's position in this regard merely begs the question. Admittedly, Rule 4(c)(2)(C)(ii) speaks of "service" by mail. Alternatively, however, as a follow-up, the Rule also provides for "personal service." *Cf. Morse*, 752 F.2d at 39 (interpreting personal service under the Rule as a second service when defendant does not acknowledge initial service by mail). We have already rejected appellant's assertion that mail service is complete merely upon mailing the complaint. Moreover, we do not find Corpus Juris Secundum as helpful to appellant as he suggests, insofar as its language is no less ambiguous than that of the rule itself. When the entire scheme contemplated by Rule 4(c)(2)(C)(ii) is considered, "[a]ll the required acts" under that provision is most reasonably construed to include either return of the acknowledgment within 20 days or effective personal service, rather than the simple mailing of the complaint. Under this construction, if a plaintiff does all that the Rule requires, and the defendant still does not receive actual notice, no more can be asked of the plaintiff, and at the very least the "good cause" exception of Rule 4(j) should provide adequate protection for the claim. In this case the appellant simply failed to do all that the rule required. The district

court's order to show good cause was thus neither unnecessary nor erroneous.

Appellant's alternative argument on good cause is similarly misdirected. Having determined that service was defective under Rule 4, the only further issue for review is whether plaintiff-appellant in fact showed "good cause" for exceeding the 120–day limit. A finding of failure to show "good cause" in a Rule 4(j) dismissal is reviewed for an abuse of judicial discretion. *See, e.g., Whale v. United States*, 792 F.2d 951, 952 (9th Cir.1986). At the outset, we note that appellant attempts to demonstrate before this Court what he did not argue before the district court, namely, good cause for delay in service. Mr. Tinari was afforded three opportunities (in response to Judge VanArtsdalen's February 13, 1986 order and to both appellees' motions to dismiss) to present facts that would justify having waited until the eve of the service deadline to mail copies of the summons and complaint to the defendants-appellees.[11] No such showing was attempted, much less made. Moreover, appellant's substantive argument is utterly without merit. Essentially, appellant seeks to convince this Court that he had good cause for any delay in service because he was not inadvertent or dilatory. This argument, however, is closely associated with appellant's erroneous interpretation of what constitutes timely service under the rule. We need not decide here the parameters of the "good cause" exception to Rule 4(j), for it is clear that an unjustified misunderstanding of the requirements of the law will not suffice. *See Ruley v. Nelson*, 106 F.R.D. 514, 518 (D.Nev.1985) (Rule 4(j) dismissal for failure to show good cause where plaintiff's attorney was unaware of the existence of the rule) ("It has been a long-standing principle of jurisprudence ... that ignorance of the law is no excuse."); *see also Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) ("good cause" under Rule 4(j) seems "to require *at least* as much as would be required to show excusable neglect [under Rule 6(b)(2) ], as to which simple inadvert-

---

11. We note also that Mr. Tinari did not make    the oral argument in this appeal.

ence or mistake of counsel or ignorance of the rules usually does not suffice") (emphasis in original).

We therefore conclude that Judge Van-Artsdalen did not abuse his discretion either in directing plaintiff to show good cause for his noncompliance with the rule or in subsequently dismissing the complaint for failure to do so. Accordingly, the order of the district court will be affirmed.