Robert V. VIETMEIER, Executor of the Estate of Robert F. Vietmeier and Robert V. Vietmeier and Cathy Vietmeier, his wife, Plaintiffs,

v.

Daniel J. FARLEY, Arden Hill Farms, Inc., and Branch Banking and Trust Company of North Carolina, formerly the Carolina Bank, Defendants.

Civ. A. No. 87–1516.

United States District Court, W.D. Pennsylvania.

July 18, 1989.

David Brown, Pittsburgh, Pa., for plaintiffs.

Yaier Y. Lehrer, Pittsburgh, Pa., for defendants Farley, Arden Hill.

Anthony Picadio, Pittsburgh, Pa., for Branch Bank & Trust.

## OPINION

SMITH, District Judge.

This matter is before the Court pursuant to a Motion to Dismiss Plaintiffs' Complaint filed by defendant, J. Thomas Shepherd. Shepherd asserts that plaintiffs' claims are time barred by Federal Rule of Civil Procedure 4(j), that this Court lacks personal jurisdiction and that venue is improper with regard to the RICO[1] claim. For the reasons hereinafter stated, we agree that plaintiffs' claims are time-barred as to defendant, Shepherd. Accordingly, our discussion is limited to the facts relevant to that issue.

Plaintiffs filed their complaint on July 17, 1987. Plaintiffs alleged that the defendants were liable for violating the federal RICO statute and common law fraud, deceit and misrepresentation. Defendants included Daniel J. Farley (Farley), Arden Hill Farms, Inc. (Arden Hill), Branch Banking and Trust Company of North Carolina (Branch B & T), and J. Thomas Shepherd[2] (Shepherd). Shepherd had been Branch B & T's vice president at the time of the occurrences alleged in the complaint.

Plaintiffs attempted service by mail on all defendants on July 20, 1987. Specifically, plaintiffs mailed a copy of the complaint and summons to Farley and Arden Hill and to Branch B & T in North Carolina. This attempt to serve Branch B & T apparently

---

1. Plaintiffs claim defendants violated section 1962 of the Racketeer Influenced and Corrupt Organizations Act known as RICO. *See* 18 U.S.C. § 1961 et seq.

2. We note that the caption in this matter fails to include Shepherd's name. This omission has not been corrected to date.

was also an attempt to serve Shepherd, who had previously been employed by Branch B & T.

This initial attempt at service netted only an acknowledgement from defendants Farley and Arden Hill in September 1987. Plaintiffs then waited until October 29, 1987, before they again attempted to effect service on Branch B & T and Shepherd, just sixteen days before the expiration of the 120 day limit within which service must be made.[3] On November 9, 1987, Branch B & T accepted service by mail and returned the Notice and Acknowledgement of Receipt of Summons and Complaint. Plaintiffs, however, made no effort, with five days remaining in the 120 day limitations period, to serve Shepherd.

Subsequently, in early December 1987, plaintiffs' counsel contacted defendants Farley & Arden Hill. At that point, plaintiffs' counsel became aware that Shepherd had not been an employee of Branch B & T since April 1986. Plaintiffs' counsel also was informed by defendants Farley and Arden Hill of the name of Shepherds' attorney in North Carolina. Plaintiffs then requested by letter dated December 7, 1987, that Shepherd's attorney accept service for Shepherd. Shepherd's attorney refused to accept service on the basis that he was not authorized to do so. He also refused to disclose Shepherd's whereabouts.

Seventy-eight days later, on February 23, 1988, plaintiffs again attempted service by mail at Shepherd's last known address. The envelope was returned "insufficient address." A week later, service by mail was sent to an address obtained from a tax collector. Service was returned unclaimed. Another attempt was made on March 30, 1988. This envelope was returned by the postal service without explanation.

Finally, plaintiffs retained the services of a North Carolina process server and an attorney to track down Shepherd's address. As a result, an address was obtained and service by mail was accepted on May 28, 1988, approximately 10½ months after plaintiff's complaint had been filed.

Shepherd contends that plaintiffs have failed to comply with the requirements of Federal Rule of Civil Procedure 4(j). Hence, Shepherd submits that plaintiffs' claims against him are time-barred and should be dismissed. Plaintiffs contest this and assert that they have good cause for their failure to timely serve Shepherd. In particular, plaintiffs submit that Shepherd evaded service, a factual scenario legislatively recognized as "good cause." *See* 1982 U.S.Code Cong. & Ad.News 4434, 4446 n. 25.

Rule 4(j) provides:

If a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ... upon motion.

Fed.R.Civ.P. 4(j). This "120 day limit to effect service of process ... is to be strictly applied...." *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3rd Cir.1987). Therefore, if service is not made within the 120 days and plaintiff fails to show good cause, the action *must* be dismissed as to the unserved defendant. *See Braxton v. United States*, 817 F.2d 238, 240 (3rd Cir. 1987) (interpreting statutory language "shall be dismissed"). What constitutes good cause is not set forth in the rule. Legislative history provides only one example of good cause—an intentional evasion of service by a defendant. *Lovelace*, 820 F.2d at 84 (*citing* 1982 U.S.Code Cong. & Ad.News 4434, 4446 n. 25).

In addition to this one example of good cause cited by the legislative history, the Third Circuit has construed Rule 4(j) to permit an extension if plaintiff's counsel can show excusable neglect. *Braxton*, 817 F.2d at 241. A showing of excusable neglect requires "a demonstration of good

---

**3.** The complaint was filed July 17, 1987. The 120 day time period expired on November 14, 1987.

faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Dominic v. Hess Oil V. I. Corp.*, 841 F.2d 513, 517 (3rd Cir.1988) (*quoting* Wright & Miller, Federal Practice & Procedure § 1165 (1987)). Accordingly, lack of diligence or inadvertence by counsel will not constitute good cause. *See* 1982 U.S.Code Cong. & Ad.News 4434, 4442 (legislative history states "a diligent plaintiff can preserve the cause of action").

In the instant case, plaintiff is unable to demonstrate a reasonable basis for noncompliance with the 120 day limit specified in Rule 4(j). Admittedly, plaintiffs' recitation of their efforts to effect service may appear heroic at first.[4] But, a closer inspection of the facts indicates that plaintiffs sat back and did nothing to effect service upon Shepherd.

Plaintiffs' only efforts to serve Shepherd within the 120 days consisted of one unanswered mail service to Branch B & T in July 1987 and mail service to Branch B & T in October 1987 which was acknowledged by Branch B & T. Plaintiffs' efforts are remiss in light of the fact that "personal service is required to effectuate service under Rule 4(c)(2)(ii) if a defendant fails to return an acknowledgement within the designated time period." *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 879–880 (3rd Cir.1987). Despite Shepherd's failure to return either acknowledgement, plaintiffs failed to make any efforts to discover Shepherd's whereabouts and personally serve him within the 120 day period.

Absent is any attestation by plaintiffs' affiant, their attorney, that telephone calls were made to locate Shepherd or verify his continued employment with the bank. Nor is there any discovery conducted toward this end. *Compare Ruiz Varela v. Sanchez Velez*, 814 F.2d 821 (1st Cir.1987). Nor was there any effort to hire process servers or investigators to make service despite a RICO cause of action which could reap treble damages if successful.[5] These omissions reflect a lack of diligence by plaintiffs' counsel. Moreover, a lack of diligence by plaintiffs' counsel is evidenced by the failure to even seek an enlargement of time to make service not only before the expiration of the 120 day limit, but also immediately thereafter when it was obvious that service had not been made on Shepherd.[6]

We conclude that plaintiffs' efforts to make service within the 120 day limit were half-hearted. Such efforts do not excuse a delay. *Lovelace*, 820 F.2d at 84. Accordingly, we will dismiss plaintiffs' claims against Shepherd.

We are mindful of plaintiffs' argument that good cause has been shown because Shepherd evaded service. We find no facts to support this theory within the initial 120 day time period.[7] The record in this case is devoid of facts which would establish good cause for why service was not made in the critical 120 days after the complaint was filed. We follow the Third Circuit and adhere to the dictates of Rule 4(j).[8] *See Lovelace*, 820 F.2d at 85.

Inasmuch as we have granted Shepherd's Motion to Dismiss on the basis of plaintiffs'

---

**4.** Compare plaintiffs' efforts with those of the plaintiff in *United States v. Nuttall*, 122 F.R.D. 163 (D.Del.1988) (plaintiff's effort characterized as not merely diligent, but bordering on heroic).

**5.** 18 U.S.C. § 1964(c).

**6.** We do not find plaintiffs' failure to seek an enlargement of time to make service pursuant to Rule 6(b) fatal, but it is a factor to consider in determining the reasonableness of plaintiffs' conduct. *Nuttall*, 122 F.R.D. at 167.

**7.** We strain to even infer evasion after the 120 day time period. Plaintiffs' attempt to serve Shepherd's attorney was not effective service

since the attorney was not authorized. In the absence of such authorization an attorney is not obliged to accept service for his client. *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639 (S.D. Fla.1982). Subsequent efforts to make service again used certified mail. These efforts were not acknowledged. Even then plaintiffs failed to use personal service as required by *Green*, 816 F.2d at 877.

**8.** We recognize a dismissal may well bar plaintiffs' from pursuing their claims against Shepherd due to the statute of limitations on plaintiffs' actions. The severity of this rule, however, does not establish good cause. *Lovelace*, 820 F.2d at 84; *Green*, 816 F.2d at 879.

noncompliance with Rule 4(j), we do not address Shepherd's other arguments. An appropriate order will be entered.