**Peggy A. MacCAULEY, Plaintiff,**

**v.**

**Charles T. WAHLIG and Constance S. Wahlig, individually; Christiana Skating Center, a partnership; and Christiana Skating Center, Ltd., a Delaware corporation, Defendants.**

**Civ. A. No. 89–347–JLL.**

United States District Court, D. Delaware.

March 26, 1990.

John H. Benge, Jr., of Allmond, Eastburn & Benge, Wilmington, Del., for plaintiff.

C. Scott Reese of Cooch & Taylor, Wilmington, Del., for defendants.

## OPINION

LATCHUM, Senior District Judge.

### I. BACKGROUND

Peggy A. MacCauley ("MacCauley") was injured on August 28, 1987, while roller skating at the Christiana Skating Center. She filed suit on July 5, 1989, against Charles T. Wahlig, Constance S. Wahlig, the Christiana Skating Center, and Christiana Skating Center, Ltd. (collectively "the Wahligs"), alleging negligence in the operation and supervision of the skating center. *See* Docket Item ("D.I.") 1.[1]

MacCauley initiated service of process by first class mail on July 7, 1989.[2] The Wahligs never returned an acknowledgment of service, although the parties' attorneys spoke during the week of July 24, 1989. The next week the Wahligs' attorney sent MacCauley's counsel a letter stating that an answer would be filed if the individual defendants were dismissed from the case. The individual defendants were never dismissed, an answer was never filed, and MacCauley has never served process personally on the Wahligs.

The Wahligs now move to dismiss MacCauley's complaint for failure to comply with Federal Rule of Civil Procedure 4(j). This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### II. DISCUSSION

■ Federal Rule of Civil Procedure 4(j) states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the com-

---

1. The Wahligs are the owners and operators of the skating rink, the partners comprising Christiana Skating Center, a Delaware partnership, shareholders of Christiana Skating Center, Ltd., and landlords of the property.

2. Service of process by first class mail is permitted by Federal Rule of Civil Procedure 4(c)(2)(C)(ii). If no acknowledgement of receipt is received within twenty days of the mailing, "service of such summons and complaint shall be made" by personal process server. Fed. R.Civ.P. 4(c)(2)(C)(ii).

plaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....

The Third Circuit rigidly construes the requirements of this rule. "[T]he Court of Appeals for the Third Circuit has taken a strict approach towards the Rule, consistently upholding dismissals of actions where there has not been a meticulous effort to comply with its service provisions." *In re City of Philadelphia Litigation*, 123 F.R.D. 515 (E.D.Pa.1988); *see also Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 56 (3rd Cir.1986) (the language of Rule 4 means "precisely" what it states).

Concerning the present factual situation, in *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877 (3d Cir.1987), the court held that *"personal service is required* to effectuate service under Rule 4(c)(2)(C)(ii) if a defendant fails to return an acknowledgement within the designated time period." *Id.* at 879–80 (emphasis added). The court explicitly rejected the notion that a defendant's actual notice of an action could excuse service of process, and concluded that, in order to avoid unnecessary evidentiary hearings, "the better approach, where receipt has not been verified by return acknowledgement, is to require personal service upon the defendant." *Id.* at 881; *see also United States v. Nuttall*, 713 F.Supp. 132 (D.Del.) ("actual notice of a lawsuit is no substitute for proper service of process"), *aff'd*, 893 F.2d 1332 (3d Cir.1989).

■ In the present case, the Wahligs received only one copy of the acknowledgment, instead of the two copies required by Rule 4. However, even a defendant who intentionally refuses to return, within twenty days, a properly served acknowledgement must be personally served within 120 days of filing the complaint. *See Humphrey Elevator & Truck Co.*, 816 F.2d at 882. A plaintiff has only two means to avoid dismissal: a Rule 6(b) motion prior to the expiration of the 120 day period, or a showing of good cause or excusable neglect. *Id.* at 883. In *Humphrey*

*Elevator & Truck Co.* the court acknowledged the severity of the result if the statute of limitations has run, *see id.* at 879 n. 6, but nevertheless concluded that dismissal was dictated by the Rule. *See also Lovelace v. Acme Markets*, 820 F.2d 81, 84 (3d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987).

■ In order to show excusable neglect, the plaintiff must demonstrate good faith and "some reasonable basis for noncompliance within the time specified in the rules." *Dominic v. Hess Oil Co.*, 841 F.2d 513, 517 (3d Cir.1988); *Vietmeier*, 126 F.R.D. at 500. The excusable neglect provision, in some circumstances, protects only those "diligent plaintiffs who, though making every effort to comply with the dictates of the rule, nonetheless exceed the 120–day limit...." *Humphrey Elevator & Truck Co.*, 816 F.2d at 880. An inadvertent lack of oversight by plaintiff's counsel does not constitute good cause. *See Braxton v. United States*, 817 F.2d 238, 242 (3d Cir. 1987); *Vietmeier v. Farley*, 126 F.R.D. 498 (W.D.Pa.1989). As discussed below, Mac-Cauley fails both the "some reasonable basis" test stated in *Dominic v. Hess*, and the "every effort to comply" test of *Humphrey Elevator & Truck.*

■ MacCauley argues that her failure to properly serve process should be excused because the defendants created a belief that an answer would be filed. D.I. 6 at 4. MacCauley alleges that during the July 26 telephone conversation Wahligs' attorney stated that there were no pending jurisdictional issues. *See id.* at Exhibit A, p. 1; *id.* at Exhibit C at ¶ 5. If Wahlig had represented to MacCauley that there were no jurisdictional issues, then Wahlig would have waived objections to personal jurisdiction. Such a waiver, if made, would be effective. *See Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 704, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982) (personal jurisdiction may be stipulated to or waived by the defendant, or "a defendant may be estopped from raising the issue."); *Roque v. United States*, 857 F.2d 20, 21–22 (1st Cir.1988) (defendant's acts that do not put

plaintiff on notice of a deficiency in service of process may constitute "good cause" and excuse proper service); *see also Prince Manufacturing, Inc. v. Bard International Associates, Inc.*, 1988 WL 142407 at *1 (D.N.J. Dec. 22, 1988) (defendant's assertion, made during settlement negotiations, that defendant would not object to jurisdiction or venue constitutes a waiver of a personal jurisdiction defense). At oral argument, however, the Wahligs denied unconditionally waiving personal jurisdiction. In addition, MacCauley did not reassert the contention that the Wahligs' attorney had waived all jurisdictional objections, either during the July 26 telephone conversation or at any time thereafter. The Court finds that Wahlig did not waive objections to the service of process.

In fact, it was unreasonable for MacCauley to ever believe that defendants had waived their objections to personal jurisdiction. The Wahligs unequivocally, and in writing, stated that they would not waive objections to personal jurisdiction and file an answer until the individual defendants were dismissed from the case. The Wahligs established through evidence on the record that they agreed to file an answer, and thus waive jurisdictional objections, only if the individual defendants were dropped from the suit. *See* D.I. 7 at 2; *id.* at Exhibit A. The July 31, 1989 letter from the defendants to MacCauley clearly shows that the offer to file an answer was conditioned on the dropping of the individual defendants from the action. *See* D.I. 7 at Exhibit A.[3] Because MacCauley never dismissed the individual defendants, pursuant to the Wahligs' offer, there was no reasonable basis for her to believe that an answer waiving service of process would be filed. MacCauley has not put forth any other reason for failing to personally serve the Wahligs within 120 days of filing her complaint.

The two defendants in *Humphrey Elevator & Truck Co.*, were personally served 124 and 125 days after the plaintiff filed the complaint. But here, MacCauley has yet to properly personally serve the Wahligs. The holding of *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81 (3d Cir.1987), is instructive: "When the 120–day period reaches its expiration and adequate proof of service of process has not been received, the plaintiff must take additional steps to ensure timely service of process...." *Id.* at 84. MacCauley cannot even resort to a "misplaced reliance" on the word of a process server, as the *Lovelace* plaintiffs attempted to do. *Id.* She has done nothing since the July 7 mailing to effectuate service, thus failing the "every effort to comply" test of *Humphrey Elevator & Truck Co.*

Additionally, MacCauley fails the "some reasonable basis" test of *Dominic*. An evaluation of "some reasonable basis" requires the district court to apply five criteria:

1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good efforts towards compliance.

*See Dominic v. Hess Oil Corp.*, 841 F.2d 513, 517 (3d Cir.1988) (citations omitted). First, the failure to properly serve process, in this case, reflects total inattention to an important procedural rule. Second, counsel clearly failed to provide for the readily foreseeable consequence of dismissal, by continuing to neglect to properly serve the Wahligs. Finally, the failure to personally serve, when an acknowledgment is not received within twenty days after the date of mailing, demonstrates a complete lack of diligence and an absolute lack of good faith

---

**3.** The language of the letter is plain and concise: Per our agreement, enclosed is the Answer for Christiana Skating Center, Ltd.; I am prepared to file it. Please advise me when the dismissals for Mr. and Mrs. Whalig [sic] and Christiana Skating Center, a partnership, have left your office to be filed. As soon as I know that, I will file the Answer.

effort towards compliance with the rule.[4] If the statute of limitations has run in the present action, any recourse MacCauley may have no longer resides with the Wahligs.

Having decided the complaint must be dismissed in its entirety, the Court need not decide the Wahlig's alternative motion to dismiss as to the individual defendants.

---

**4.** *See supra* note 2 (discussing the requirements of Rule 4).