PS5-121                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1070
_____

ABDUL IDEEN,
                                        Appellant

v.

AGENT STRAUB, ET AL; SHIRLEY MOORE SMEAL;
DORINA VARNER; LISA HOLLIBAUGH;
CYNTHIA L. KECHISEN; DAVID KESSLING;
DAVE CLASE; KENNETH HOLLIBAUGH;
FRANK HARTNETT; DORETTA CHENCHANICK;
ERIC TICE; DARNEL PRICE; LESTER HORTON;
KENNETH CAMERON; JAMIE BALLES;
JAMEY LUTHER; FRANCIS PIAROLLZO;
L. W. HOFFMAN; LT. BEARJAR; REBECCA REIFER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-03111)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2015
Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 26, 2015)

_____

OPINION[1]
_____

PER CURIAM

Abdul Ideen appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

Ideen initiated a civil action in the United States District Court for the Eastern District of Pennsylvania in May 2012. In his complaint filed pursuant to 42 U.S.C. § 1983, Ideen named twenty defendants from the Pennsylvania Department of Corrections. Ideen, a former inmate, alleged that the defendants engaged in "racial profiling and retaliation" at various times between October 1998 and May 2010. After being denied leave to proceed with his civil action in forma pauperis on account of an incomplete application, Ideen paid the requisite filing fee on September 23, 2013, and his complaint was filed on the docket. The Clerk thereafter issued twenty summonses to Ideen for service of the complaint on defendants.

After more than six months had lapsed with no activity in the case, the District Court entered an order on April 4, 2014, notifying Ideen of his responsibility under Fed. R. Civ. P. 4(m) to make service of the summons and complaint on defendants within 120 days of the filing of the complaint. The court also informed Ideen of his obligation to file a return of service with the Clerk of Court as set forth in Rule 4(*l*). The District Court

_____

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7

went so far as to provide a sample certificate of service in its order for Ideen's information.  The court further warned Ideen that his failure to timely serve the complaint or to request an extension of time within which to do so for good cause shown would result in the dismissal of his action.

Nearly two more months passed at which time Ideen filed a "praecipe for writ of summons," requesting that a summons be issued for each defendant.  That same day, the Clerk issued another twenty summonses and forwarded them to Ideen.  More than four and a half months lapsed with no indication from Ideen that he had served defendants.  Accordingly, in an order entered on November 21, 2014 (425 days after the complaint had been filed), the District Court dismissed Ideen's complaint without prejudice.  The court noted that, despite its prior instruction and despite the re-issuance of the summonses, Ideen failed to provide proof of service of the complaint.  Ideen filed a timely motion to vacate wherein he simply asserted that he had served all the defendants.  However, he offered nothing in support of that assertion.  Accordingly, the District Court denied the motion after noting that proper proof of service had not been made.  This timely appeal followed.

We have jurisdiction under 28 U.S.C. ' 1291.  <u>See</u> <u>Green v. Humphrey Elevator & Truck Co.</u>, 816 F.2d 877, 878 n.4 (3d Cir. 1987) (concluding that an order dismissing a complaint without prejudice is a final appealable order when the statute of limitations for

_____

does not constitute binding precedent.

3

the claim set forth therein has expired). Rule 4(m) provides that the District Court must dismiss the action without prejudice as to a defendant after notice to the plaintiff if service of the complaint is not made upon that defendant within 120 days after the filing. A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995). We have plenary review over issues concerning the propriety of service. See McCurdy, 157 F.3d at 194 (citing Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 481 (3d Cir. 1993)). We review good cause determinations under Rule 4(m) for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).

The District Court notified Ideen of his responsibility to properly and timely serve defendants. The District Court went so far as to provide Ideen with a sample certificate of service. The court further advised Ideen that good cause was needed to extend the 120-day period set forth in Rule 4(m), and implicitly invited him to make such a showing. Ideen nonetheless failed to submit any proof of proper service – timely or otherwise. Although Ideen asserts on appeal that he served the complaint, see Informal Br. at 1, there is no record evidence to support that assertion. Under Rule 4(*l*), "[u]nless

service is waived, proof of service must be made to the court. . . . [P]roof must be by the server's affidavit." Ideen did not demonstrate proper service. Given the facts of this case, we conclude that no further discretionary extensions of the Rule 4(m) period were warranted in this case, and dismissal of the case for failure to timely effect service was appropriate. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Petrucelli, 46 F.3d at 1305-06. The District Court likewise did not abuse its discretion in denying Ideen's motion for reconsideration as he offered nothing in support of his assertion that proper service had been made, nor did he request an additional extension of time in order to effect service. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.