**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1862
_____

JEMMA BREANNA HUSSEY;
JEANNA ELIZABETH HUSSEY,
Appellants

v.

THE PENNINGTON SCHOOL; HEADMASTER WILLIAM S. HAWKEY;
DEAN OF STUDENTS CHAD A. BRIDGES; BOARD CHAIRMAN PETER TUCCI;
ASSISTANT DEAN CAROLINE HALL; DEAN OF ACADEMIC AFF SCOTT
PEELER; DIRECTOR OF CERVONE JO PROCKOP;
JOHN TOURANGEAU; PARENT OF MINOR MARTHA TOURANGEAU
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:20-cv-14673)
U.S. District Judge: Honorable Zahid N. Quraishi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, Circuit Judges.

(Filed: May 15, 2025)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

Jemma and Jeanna Hussey appeal the District Court's order denying them relief under Federal Rule of Civil Procedure 60(b) from the order dismissing their complaint under Federal Rule of Civil Procedure 4(m). Because the Husseys are time-barred from seeking Rule 60 relief, we will affirm.

I

The Husseys allege that on October 20, 2018, one of Jemma's Pennington School classmates pushed her, causing her to fall and hit her head, and assaulted her again eight days later. On October 21, 2020, Jemma and her mother, Jeanna, filed a complaint alleging that (1) Jemma's classmate[1] assaulted her twice; (2) the Pennington School and several of its administrators failed to (a) accommodate Jemma's disabilities caused by the incident in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182 <u>et seq.</u>; and (b) respond to the bullying she experienced in violation of the New Jersey Anti-Bullying Bill of Rights Act, N.J. Stat. Ann. § 18A:37-15 <u>et seq.</u>; and (3) all defendants inflicted emotional distress upon Jeanna under New Jersey common law, <u>see</u> <u>Portee v. Jaffee</u>, 417 A.2d 521, 526-28 (N.J. 1980).

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] The Husseys allege that the classmate's parents are vicariously liable for their then-minor child's actions.

2

Because the Husseys never filed proof of service of their complaint, the Clerk of the District Court issued a notice of call for dismissal under Rule 4(m) for failing to prove service. The Husseys did not respond, and on February 23, 2021, the District Court dismissed the complaint without prejudice.

More than two years later, the Husseys moved to "reinstate [the] complaint under Rule 4(m)," JA33, which the District Court construed as a motion for relief from the dismissal order under Rule 60(b). The Court denied the motion, reasoning that the Husseys' failure to comply with applicable deadlines was not due to "excusable neglect," Fed. R. Civ. P. 60(b)(1), because (1) the Husseys did not promptly seek relief; (2) litigating their claims after such a long delay would prejudice the defendants; (3) although the Husseys' counsel faced personal and health challenges, he communicated with Defendants in January 2021, demonstrating his ability to litigate the case during the time he claimed to have suffered setbacks; and (4) counsel's proffered excuses, including that he learned of the case's dismissal in September 2021, but took no action until May 2023, while litigating another case in the interim—belied his claim of acting in good faith, JA3-5 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 394 (1993)). The Court further explained that the Husseys were time-barred under Rule 60(c)(1) from seeking Rule 60(b)(1) relief because they filed their motion more than one year after the dismissal of the complaint and they had not demonstrated "extraordinary circumstances" justifying relief under Rule 60(b)(6). JA5 (citing inter alia Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)).

3

The Husseys appeal.

## II[2]

The District Court properly analyzed the Husseys' motion under Rule 60(b) rather than Rule 4(m).  Rule 60(b) allows parties to seek relief from final orders under certain circumstances.  Kemp v. United States, 596 U.S. 528, 533 (2022).  Although the Husseys' complaint was dismissed without prejudice, the dismissal order became final upon the running of their claims' statutes of limitations.[3]  Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987).  Accordingly, the District Court correctly analyzed the Husseys' motion as seeking relief from a final order under Rule 60(b) rather than Rule 4(m).  See Meilleur v. Strong, 682 F.3d 56, 60 (2d Cir. 2012) (construing a motion to "reopen" a case dismissed for failure to effect service as a motion under Rule 60(b)).

Under Rule 60(b), courts may relieve a party from a final order based on one of six grounds.  Because the Husseys sought to demonstrate through their motion a "justifiable excuse" for their failure to effect service, JA79, the District Court properly

---

[2] The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.  We have jurisdiction under 28 U.S.C. § 1291; see Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 253 (3d Cir. 1986).  We review the District Court's order for abuse of discretion.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b) motions).

[3] The Husseys concede that the statutes of limitations had run before the motion was filed.

4

construed their motion as one seeking relief under Rule 60(b)(1),[4] which permits courts to grant relief in the event of a party's "excusable neglect."[5]  However, because a Rule 60(b)(1) motion must be filed "no more than a year after the entry of the [relevant final] order," Fed. R. Civ. P. 60(c)(1), and the Husseys did not seek relief until well-past the one-year deadline, the District Court properly denied the Husseys' request for relief as time-barred.  See Bainbridge v. Governor of Fla., 75 F.4th 1326, 1334 (11th Cir. 2023) (affirming denial of Rule 60(b)(1) relief sought years after final order as untimely).

## III

For the foregoing reasons, we will affirm.

---

[4] The Husseys do not argue for, and the record does not support, relief based on the grounds identified in Rule 60(b)(2) through (5).  See Fed. R. Civ. P. 60(b)(2) (newly discovered evidence), (b)(3) (fraud), (b)(4) (void judgment), (b)(5) (satisfied, vacated, or no-longer-equitable judgment).  As to Rule 60(b)(6)'s catch-all provision, "a party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in clause (1)—[including] excusable neglect." Liljeberg, 486 U.S. at 863 n.11 (internal quotation marks omitted).  Because the Husseys' arguments for relief rested entirely on explanations for their failure to timely address service of the complaint, the District Court properly interpreted the Husseys' motion under Rule 60(b)(1) and the Husseys therefore cannot avail themselves to the catch-all provision in Rule 60(b)(6).

[5] "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer, 507 U.S. at 394.